UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| MARK DAVID STEFFEN,<br><br>Plaintiff,<br><br>vs.<br><br>VADER MOUNTAIN CAPITAL, STEPHANIE BAEZ,<br><br>Defendants. | 3:22-CV-03001-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE TO REFILING |

This action arises from a business financing arrangement in which the pro se plaintiff, Mark David Steffen, sold and assigned to Vader Mountain Capital, aka Vader Servicing, LLC (collectively "Vader"), a portion of the future receipts of his sole proprietorship, which does business under the name "SCS Protective." Doc. 5 at 1. Steffen alleges that Vader and Stephanie Baez[1] (collectively "Defendants") are "unlicensed lenders" that provide illegal loans and then purportedly violated through collection efforts the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692 et seq., and SDCL 54-4-4.[2] Docs. 1-3, 5 at 2. Because venue is

---

[1] Baez is an employee of Whetstone Holdings, LLC, a parent company of Vader. Doc. 7.
[2] Defendants suggest, Doc. 1 at ¶ 9 fn.1, the plaintiff may have meant to seek recovery under SDCL § 54-4-44 which states: "After procuring such license from the Division of Banking, the licensee may engage in the business of making loans and may contract for and receive interest charges and other fees at rates, amounts, and terms as agreed to by the parties which may be included in the principal balance of the loan and specified in the contract. However, no licensee may contract for or receive finance charges pursuant to a loan in excess of an annual rate of thirty-six percent, including all charges for any ancillary product or service and any other charge or fee incident to the extension of credit. A violation of this section is a Class 1 misdemeanor. Any loan made in violation of this section is void and uncollectible as to any principal, fee, interest, or charge."

1

improper, this Court dismisses the complaint under Federal Rule of Civil Procedure 12(b)(3) without prejudice to refiling in a court in the State of New York.

## I. Background

Vader Servicing, LLC, which operates as Vader Mountain Capital, is a Delaware company with its principal place of business in New York, New York. Doc. 6 at ¶¶ 1, 3. It provides revenue-based financing services. Doc. 5 at 4. As Vader describes it, businesses reach out to Vader and transact business in Vader's home state of New York by selling their future revenue to Vader. Doc. 5 at 4. Vader maintains that it does not provide loans. Doc. 5 at 4. As a condition of revenue-based financing, Vader requires companies to enter into agreements containing a forum selection clause requiring venue of any suit to be in New York. Doc. 5 at 3–4.

In November 2021, Steffen entered into a revenue-based financing agreement with Vader. Doc. 5 at 4. In connection with the agreement, Vader remitted $7,152.00 (less certain disclosed fees) to Steffen for the purchase of $11,625 worth of SCS Protective's future revenue. Doc. 5 at 5. Steffen signed the agreement and initialed each page. Doc. 5 at 5. Section 4.5 of the agreement included the following language:

> [T]his Agreement shall be governed by and construed in accordance with the laws of the state of New York . . . Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement, shall, if Purchaser so elects, be instituted in any court sitting in New York, (the "Acceptable Forums"). Seller[3] agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue.

Doc. 6-1 at § 4.5. The agreement also specified:

> Seller agrees to use the Purchase Price solely for business purposes, and not for personal, family or household purposes. Seller understands that Seller's agreement not to use the Purchase Price for personal, family or household purposes means

---

[3] Steffen was the "Seller" under the agreement. Vader was the "Purchaser."

2

> certain important rights conferred upon consumers pursuant to federal or state law will not apply to this Agreement.

Doc. 6-1 at § 2.14.

In December 2021, Steffen sued Vader and Baez in South Dakota's Small Claims Court of the Sixth Judicial Circuit in Gregory County, South Dakota, alleging the Defendants unlawfully used personal and professional information to establish a loan and through collection efforts violated the FDCPA nine times, as well as claiming violations of "SDCL 54-4-4." Doc. 1-3. Steffen sought $12,000 in damages. Doc. 1-3.

Just one month later, the Defendants removed Steffen's case to this Court because Steffen had claimed damages under a federal statute thus triggering federal question jurisdiction. Doc. 1 at ¶¶ 9, 10. They pointed to a portion of the FDCPA, 15 U.S.C.A. § 1692k(d), which states:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

Doc. 1 at ¶ 10. After removing the action to this Court, Defendants moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a claim. Docs. 4, 5.

3

Defendants have submitted affidavits, Docs. 6[4], 7[5], to establish that they lack sufficient minimum contacts with South Dakota to be subject to personal jurisdiction. Defendants acknowledge that Steffen is located in South Dakota but state that none of the events or omissions alleged by Steffen's complaint occurred in the jurisdiction as any contact between the parties took place via e-mail or on phone calls. Doc. 5 at 7.

Steffen has neither responded to Defendants' motion to dismiss, nor filed any pleadings in this Court as of the date of this opinion and order. However, the Defendants have attached an e-mail from Steffen as an exhibit in a later filing where he contests "mov[ing] the venue to District Court" because "the District Court has no authority over personal damages caused via violation of South Dakota Codified Law."[6] Docs. 11, 11-1. The Defendants have submitted notice of no opposition to the Court that Steffen has failed to respond within the time requirements of the local rules[7] of the United States District Court for the District of South Dakota. Docs. 9, 11. After reviewing Defendants' supporting brief, Doc. 5, this Court grants the motion to dismiss without

---

[4] "Vader has no members residing in South Dakota." Doc 5 at 3. "Vader has no employees, agents, or representatives in South Dakota apart from the local counsel it retained for the purpose of this lawsuit." Doc 5 at 3. "Vader has no offices in South Dakota." Doc 5 at 3. "Vader's offices and employees are located in New York and Florida." "Its bank accounts are in Florida and California." Doc 5 at 3. "Vader performs under all of its agreements in New York, California, and Florida." Doc 5 at 3. "Vader does not do business in South Dakota." Doc 5 at 3. Vader has not reached out to South Dakota, nor does it solicit business there. Docs. 5 at 4, 6 at ¶ 12. Instead, businesses generally solicit Vader for services. Doc. 5 at 4.

[5] Baez resides in Hialeah, Florida, and has never been to the state of South Dakota for any reason. Doc. 5 at 3.

[6] This Court could exercise supplemental jurisdiction to hear the state law claims under 28 U.S.C. § 1367 if the Court finds there is proper federal jurisdiction to hear the FDCPA claims and the two claims are related to the same transaction or occurrence. 28 U.S.C. § 1367 (stating "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

[7] Local Rule 7.1(B) states that a party is required to file a responsive brief "[o]n or before 21 calendar days after service of a motion and brief, unless otherwise specifically ordered by the court." This means Steffen was required to respond on or before February 14, 2022.

4

prejudice under Rule 12(b)(3) for improper venue as it relates to Vader. Baez is dismissed as a defendant under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(3) for improper venue.

## II. Discussion

The general venue statute, 28 U.S.C. § 1391(b), states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper . . . ." Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 571 U.S. 49 (2013). "If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district." Hurt v. United States, No. 4:20-CV-00938-PLC, 2020 WL 4220479, at *2 (E.D. Mo. July 23, 2020) (citing 28 U.S.C. § 1406(a)), aff'd, No. 20-2684, 2020 WL 8463626 (8th Cir. Sept. 24, 2020); see also Heldt v. Payday Fin., LLC, 12 F. Supp. 3d 1170, 1177 (D.S.D. 2014) (stating that a Rule 12(b)(3) motion may be used to dismiss a case when venue was "wrong" or "improper" where filed). "In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint

must be taken as true. Ambiguities must be resolved in favor of the nonmoving party." Doshier v. Twitter, Inc., 417 F. Supp. 3d 1171, 1174 (E.D. Ark. 2019). "One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no real relationship to the dispute." Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (cleaned up and citation omitted). Although personal jurisdiction is normally considered before venue, the court can switch the analysis "when there is a sound prudential justification for doing so." Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). Here, because Steffen did not respond at all to the motion and this Court remains unclear how a South Dakotan and his small business ended up paired with a New York business in what seems to be akin to accounts receivable factoring, this Court declines to decide the case based on lack of personal jurisdiction over Vader.

### A. § 1391(b)(1) and Personal Jurisdiction over Baez

The first avenue for venue is § 1391(b)(1), which states that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A defendant individual "shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C. § 1391(c)(1). A defendant corporation is deemed a resident in any district in which "such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). South Dakota's long arm statute, S.D.C.L. § 15-7-2, which is broadly interpreted, extends jurisdiction "to any cause of action arising from . . . the transaction of any business within the state." See Denver Truck & Trailer Sales, Inc. v. Design & Bldg. Servs., Inc., 653 N.W.2d 88, 91 (S.D. 2002). Thus, to determine whether Vader's business contacts expose it, or Baez's contacts expose her, to personal jurisdiction in South Dakota, the court must determine "whether the proposed assertion of jurisdiction comports with federal due process requirements." Id.

Due process requires that the defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, (1945) (cleaned up and citations omitted). Courts must consider the "quality and nature" of the defendant's activities and will find that personal jurisdiction does not exist when the forum state "has no contacts, ties, or relations" to the defendant. Id. at 319. In other words, the plaintiff cannot be the "only link" between the forum state and defendant. Walden v. Fiore, 571 U.S. 277, 285 (2014); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

The Supreme Court of the United States has held that to be subject to jurisdiction of a forum state, a defendant must "purposely avail" itself within the forum to invoke the benefits and protections of its law. Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "defendant's conduct and connection with the forum State" must be such that they can "reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 287 (1980). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated,' contacts." Burger King Corp., 471 U.S. at 475 (citations omitted). "[U]nilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy" the minimum contact requirement. Hanson, 357 U.S. at 253.

When deciding a personal jurisdiction issue, the Eighth Circuit has held that courts should consider five factors when determining the sufficiency of a defendant's contact: "(1) the nature

and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). The first three factors, being of "primary importance," are closely related and can be considered together. Id.; Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 523 (8th Cir. 1996). The Eighth Circuit has elaborated on the third factor—the relationship of the cause of action to the contacts—to distinguish between general and specific jurisdiction. Burlington Indus., Inc., 97 F.3d at 1103 ("Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." (cleaned up and citations omitted)).

This Court does not have personal jurisdiction—either general or specific—over Baez. As stated above, for venue purposes, an individual is deemed to reside in the judicial district in which they are domiciled. 28 U.S.C. § 1391(c)(1). Baez is domiciled in Florida and has never visited South Dakota. Doc. 7. Steffen has not offered any evidence that Baez has the sort of continuous and systematic presence in South Dakota necessary for general jurisdiction to exist. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (explaining that for general jurisdiction to exist, the defendant's contacts with the forum state must be "so continuous and systematic" that the defendant is "essentially at home" there (cleaned up and citation omitted)). As for specific jurisdiction, it is unclear what contact, if any, Baez has had with Steffen other than as an employee of a holding company of Vader. Indeed, Baez's only link with the forum state seems to be through the plaintiff. Weighing the factors, Baez's contacts are quantitatively nil and

8

qualitatively low. Baez's contacts with South Dakota—or lack thereof—do not meet the minimum threshold required for a finding of venue under § 1391(b)(1) or separately, for personal jurisdiction under a Rule 12(b)(2) motion.

There is no general jurisdiction over Vader in South Dakota, but whether Vader has minimum contacts with South Dakota for the purposes of specific jurisdiction or § 1391(b)(1) is a bit different than with Baez. As previously stated, § 1391(c)(2) states that a nonresident corporate defendant is deemed to reside wherever it "is subject to the court's personal jurisdiction." General jurisdiction is appropriate over a non-resident corporate defendant whenever a corporate defendant's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 138–39 (2014) (cleaned up and citation omitted). A corporate defendant is "essentially at home" in the state of its incorporation or in the state in which it has its principal place of business. Id. On the other hand, specific jurisdiction is proper "only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

Regarding general jurisdiction, Vader is a Delaware limited liability company with its principal place of business in New York. Docs. 5, 6. It does not employ anyone located within South Dakota and maintains no office presence within the State. Docs. 5, 6. It states that it conducts no business in South Dakota and does not advertise in the state. Doc. 6. Therefore, Vader has insufficient minimum contacts with South Dakota to make general jurisdiction appropriate.

Regarding specific jurisdiction, without more of a full record, this Court cannot completely analyze whether Vader reached out or had such minimum contacts with South Dakota to satisfy constitutional due process concerns. The Defendants claim Vader does not target businesses within South Dakota, but presumably Steffen had to discover its service somewhere. Doc. 6 at ¶ 12. On this record where Steffen has not responded to the motion to dismiss, Vader's contacts with South Dakota do not appear sufficient to justify specific jurisdiction over Vader for the allegations alleged in Steffen's complaint. See Bell Paper Box, Inc. v. Trans W. Polymers, Inc., 53 F.3d 920, 923 (8th Cir. 1995) (finding no personal jurisdiction where only a single purchase order linked plaintiff and defendant and stating "[t]he use of interstate facilities, such as telephones or mail, is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process" (cleaned up and citation omitted)); Hylland v. Flaum, No. 4:16-CV-04060-RAL, 2016 WL 6901267, at *3 (D.S.D. Nov. 22, 2016) (listing Eighth Circuit cases and stating that although electronic communications counts toward minimum contacts, "they do not establish personal jurisdiction by themselves"); Doshier, 417 F. Supp. 3d at 1175–78 (finding no specific jurisdiction in forum where company's only contact with plaintiff occurred electronically).

An analysis of the other factors if this Court were to take what Vader submitted as true, weighs against finding the minimum contacts sufficient to satisfy § 1391(b)(2). Vader stated that it conducts no business in South Dakota, employs no individuals there, and does not solicit or advertise within the state. While this Court does have an interest in ensuring disputes that fall within federal jurisdiction are adjudicated, it is likely as inconvenient for Vader as it is convenient for Steffen to litigate the dispute in South Dakota. Because the first three factors on this record weigh heavily against finding that Steffen can establish that Vader has the minimum contacts

necessary to be considered a resident subject to South Dakota's personal jurisdiction, venue is improper under § 1391(b)(1).

### B. § 1391(b)(2)

The second avenue for venue is § 1391(b)(2), which makes venue proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." See Woodke, 70 F.3d at 985 (quoting 28 U.S.C. § 1391(b)(2)). "[T]he Eighth Circuit Court of Appeals has determined that courts should focus on the defendant's allegedly wrongful or relevant activities in the forum state, not on the effect of those activities on plaintiffs in the forum state." Doshier, 417 F. Supp. 3d at 1178 (citing Steen v. Murray, 770 F.3d 698, 703 (8th Cir. 2014)).

Again, without a full record or response from Steffen, this Court is left guessing what "events or omissions" could have occurred within South Dakota that would establish jurisdiction. As discussed, Baez had insufficient contact with South Dakota to even justify personal jurisdiction, let alone venue, in South Dakota. Vader contends it performs its agreements in New York, California, and Florida, and that any and all contact with Steffen occurred electronically. Doc. 6 at ¶ 9. Because Steffen has failed to offer what events or omissions occurred in South Dakota that gave rise to this action, this Court cannot find specific jurisdiction via § 1391(b)(2) for either Baez or Vader.

### C. § 1391(b)(3)

The last avenue for venue is § 1391(b)(3), which states "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under its plain language, this subsection only applies if there is no district in which venue would be proper.

See Everest Indem. Ins. Co. v. Ro, 200 F. Supp. 3d 825, 834 n.5 (D. Minn. 2016); Arkansas-Missouri Forest Prods., LLC v. Lemer, No. 4:15-cv-00771-SRB, 2016 WL 756503, at *4 (W.D. Mo. Feb. 25, 2016). Given Steffen's consent to a forum selection provision that "[a]ny suit or proceeding ... shall ... be instituted in any court sitting in New York," there is a district in which Steffen's action could have been brought. New York is where "a substantial part of the events or omissions giving rise to the claim occurred" under § 1391(b)(2) and where proper venue would exist.

This Court in some instances where venue is not properly in the District of South Dakota will transfer a case to another federal district court where venue is proper. Quality Wood Designs, Inc. v. Ex-Factory, Inc., 40 F. Supp. 3d 1137, 1156 (D.S.D. 2014). This Court chooses not to do so here because it is doubtful that federal jurisdiction exists. First, though there is complete diversity of citizenship of the parties, the amount in controversy is too low to satisfy 28 U.S.C. § 1332. Second, there appears not to be federal question jurisdiction under 28 U.S.C. § 1331. The type of financing arrangement does not appear to qualify as a debt under the FDCPA as the FDCPA applies to personal or household debt, not debt in relation to business. See 15 U.S.C. § 1692a(5) (Debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment"); see also Duffy v. Landberg, 133 F.3d 1120, 1123 (8th Cir.1998) (the FDCPA applies to obligations arising out of "consumer transactions"); Holman v. W. Valley Collection Servs., Inc., 60 F. Supp. 2d 935, 936 (D. Minn. 1999) (The FDCPA applies "only to debts contracted by consumers for personal, family, or household purposes; it has no application to the collection of commercial accounts") (quoting S.Rep. No. 95–382, at 3 (1977),

1977 U.S. Code Cong. & Admin.News 1695); C. Jaye Berger and Richard Klass, *Debt Collection*, New York City Bar (Sept. 2015) https://www.nycbar.org/get-legal-help/article/debts-debt-collection/debt-collection/ ("The FDCPA does not apply to all debts. For instance, it does not apply to the collection of business or corporate debts."); but see Reygadas v. DNF Assocs., LLC, 982 F.3d 1119, 1125 (8th Cir. 2020) (holding that a business whose "primary objective is to collect on debt accounts it purchased in order to turn a profit" is subject to provisions of the FDCPA). The contract specifically prohibits using the money for personal, family or household purposes and thus the FDCPA appears not to apply. Docs. 6 at ¶ 6, 6-1 at § 2.14.

### III. Conclusion

For the reasons described above, it is

ORDERED that Defendants' Motion to Dismiss, Doc. 4, is granted under Federal Rule of Civil Procedure Rule 12(b)(3) for improper venue without prejudice to refiling against Vader in a court in New York. It is further

ORDERED that Baez is dismissed under Rule 12(b)(2) for lack of personal jurisdiction in South Dakota and Rule 12(b)(3) for improper venue.

DATED this 14th day of March, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE